

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

August 16, 1990

Mr. Allen Beinke
Executive Director
Texas Water Commission
P. O. Box 13087, Capitol
   Station
Austin, Texas   78711-3087

Opinion No.   JM-1208

Re:  Potential conflict in two
amendments adopted at the same
legislative session regarding
requirements of notice   for
selling  realty  located  in a
special district   (RQ-1960)

Dear Mr. Beinke:

You ask  about the  effect of  two 1989  amendments  to
section 50.301(b) of the Water Code.

Section 50.301 requires a person who sells real  estate
in a specified type  of special district  to provide to  the
purchaser written notice regarding the district.  Water Code
§ 50.301(a).   The  notice  is  to  be  a  separate  written
document executed  and  acknowledged  by  the  seller.   Id.
§ 50.301(b).  The  statute prescribes  the language  of  the
notice.  Id.

In 1989 the legislature adopted two bills that  changed
the language prescribed  by section  50.301(b).  Acts  1989,
71st Leg., ch. 1218, at 4937 (hereinafter House Bill  1333);
ch. 935, at 3977 (hereinafter Senate Bill 1207).

House Bill  1333 amended  section 50.301  of the  Water
Code as well as  several other sections  of the Water  Code.
All of the provisions of  House Bill 1333 relate to  standby
fees.  One of those provisions added several sentences about
standby  fees  to  the  language  prescribed  by  section
50.301(b).

Senate Bill  1207 made  a number  of additions  to  and
deletions from the language prescribed for the notice to  be
given under section  50.301(b).  Acts 1989,  71st Leg.,  ch.
935, § 1, at 3977.  It  also added a new provision,  section
50.3011 of the  Water Code,  that provides  that the  notice
form required  to  be  used under  section  50.301(b)  shall

contain specified language regarding standby fees. <u>Id.</u> § 3, at 3980. Section 4 of the bill provides as follows:

> This Act takes effect immediately, except that Section 3 takes effect on the date that H.B. No. 1333, Acts of the 71st Legislature, Regular Session, 1989, takes effect. If H.B. No. 1333 fails to take effect, Section 3 has no effect.

It is clear from that provision that the legislature did not intend to require that two separate notices be given under section 50.301 of the Water Code. Thus, your question is whether the language prescribed by Senate Bill 1207 or the language prescribed by House Bill 1333 is to be used.

Acts adopted at the same session of the legislature should be read together and harmonized. <u>Martin v. Sheppard</u>, 201 S.W.2d 810, 814 (Tex. 1947). In this case, harmony is easily achieved. Senate Bill 1207 made a number of changes in the notice language, including the addition of language regarding standby fees, whereas the only change made by House Bill 1333 was the addition of language regarding standby fees. The language regarding standby fees in the two bills is almost identical. The only difference in the language prescribed is that Senate Bill 1207 contains an extra "also." That additional word merely provides a transition; it does not change the meaning of the language. The only other difference is that House Bill 1333 indicated the place in the notice at which the language regarding standby fees was to be incorporated. Senate Bill 1207, in contrast, simply provided that the notice form should be "modified in the manner necessary to incorporate" the prescribed language regarding standby fees. Water Code § 50.3011(b). Consequently, if a vendor words the notice in accordance with Senate Bill 1207, he will have incorporated the substantive changes mandated by House Bill 1333. We do not think that the inclusion or omission of the extra "also" would affect the validity of the notice. Nor do we think that the position of the language regarding standby fees would affect the validity of the notice.

## S U M M A R Y

> Two bills enacted by the 71st Legislature amend section 50.301(b) of the Water Code, which prescribes the wording of a notice required by section 50.301(a). Acts 1989, 71st Leg., ch. 1218 (House Bill 1333); <u>id.</u> ch. 935 (Senate Bill 1207). Because the

changes in language  mandated by Senate  Bill 1207  include  the  change  in  the  language mandated by House Bill 1333, a purchaser  can satisfy the  requirements  of both  bills  by complying with the  the notice as  prescribed by Senate Bill 1207.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General